UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JEREMI SEAN P.,

    *Plaintiff,*

v.

COMMISSIONER OF SOCIAL SECURITY,

    *Defendant.*

                                      /

Case No. 1:24-cv-13256

Patricia T. Morris
United States Magistrate Judge

## ORDER TO SECURE LOCAL COUNSEL

The above-captioned case was filed on December 6, 2024. Review of the Court's docket shows Plaintiff has retained counsel from another jurisdiction but has not secured local counsel as required by E.D. Mich. LR 83.20. Nor has he requested the Court to waive this requirement.

District courts have the authority to issue local rules governing the admission of counsel. 28 U.S.C. § 1654; see generally 28 U.S.C. § 2071 and Fed. R. Civ. P. 83 (permitting district courts to adopt local rules); *Frazier v. Heebe*, 482 U.S. 641, 645 (1987) (noting that a district court's "authority includes the regulation of admissions to its own bar"). Under our rules, to practice in this District a lawyer must be admitted to the district's bar. E.D. Mich. LR 83.20(i). We require certain out-of-state members to associate with local counsel: "[a] member of the bar of this court who

appears as attorney of record in the district court and is not an active member of the State Bar of Michigan must specify as local counsel a member of the bar of this court with an office in the district." E.D. Mich. LR 83.20(f)(1). But, "[o]n application, the court may relieve an attorney who is not an active member of the State Bar of Michigan of the obligation to specify local counsel." E.D. Mich. LR 83.20(f)(1).

The local-counsel requirement in Rule 83.20(f) serves several important purposes:

> Physical proximity and accessibility for case preparation events (e.g., depositions) is one; ready availability to the court for conference or hearings is another, familiarity with the Local Rules and the local legal culture is another. The ability of the court to easily monitor and govern the behavior of its attorneys is not unimportant.

*Belle v. Sunbeam Prods., Inc.*, No. 09-CV-13902, 2009 WL 3757059 at *1 (E.D. Mich. Nov. 9, 2009); see also *Keck v. Graham Hotel Sys., Inc.*, No. 07-CV-11042, 2007 WL 1452909, at *2 (E.D. Mich. May 15, 2007) (noting the importance of "the ability of the court to govern the behavior of its attorneys, including the ability to meaningfully refer a misbehaving attorney to the grievance procedures of the State Bar"). Courts in this district have required strict compliance to the rule. See, e.g., *Crowley v. Liberty Life Assur. Co. of Boston*, No. 14-cv-11280, 2014 WL 2999288, at *5 (E.D. Mich. July 3, 2014) ("This Court requires strict compliance with E.D. Mich. L.R. 83.20(f)."); *Wysocki v. Colvin*, No. 16-11753, 2016 WL 9212017, at *1 (E.D. Mich. May 27, 2016) ("The strict adherence to requiring local counsel is

routinely applied in Social Security cases.").

In this case, Plaintiff's counsel is admitted to practice in this Court; however, he is not a member of the State Bar of Michigan. Therefore, **IT IS ORDERED** that Plaintiff secure local counsel by **December 27, 2024**.

**IT IS ORDERED.**

Date: December 9, 2024                                S/ PATRICIA T. MORRIS
                                                     Patricia T. Morris
                                                     United States Magistrate Judge